# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 464 - 8 | **DATE** | 7/26/2004 |
| **CASE TITLE** | USA vs. OMAR AVILA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: This Court denies Defendant's motion to dismiss the superseding indictment [doc. no. 180].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | |
| ☐ | No notices required. | | number of notices | |
| ☐ | Notices mailed by judge's staff. | | | |
| ☐ | Notified counsel by telephone. | | date docketed | 337 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ☐ | Mail AO 450 form. | | | |
| ☐ | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**
**JUL 2 7 2004**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | 02 CR 464-8 |
| v. ) | Judge Ronald A. Guzmán |
| OMAR AVILA, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Omar Avila's motion to dismiss the superseding indictment on the grounds of prosecutorial abuse of the grand jury process. In the alternative, Avila asks that the Court order the government to provide justification for all subpoenas issued between the filing of the original and superseding indictments. For the reasons below, the Court denies the motion in its entirety.[1]

## BACKGROUND

On December 18, 2002, an indictment containing twenty-eight counts was returned against nine defendants.[2] Various defendants were charged with engaging in a pattern of racketeering ("RICO"), a RICO conspiracy and an overlapping drug conspiracy. Avila was charged with a single count of committing murder in the process of committing a drug crime under 21 U.S.C. §§ 846, 848(e). Thereafter the government continued to investigate the conspiracy through the grand jury process, and on March 26, 2003, a superseding indictment was returned. The new indictment adds two defendants, Charles Brown and Reynaldo Christopher, one new count relating to the Miranda murder, and also expanded the RICO charge by adding several racketeering acts.

---

[1] Richard Carman has moved to adopt Avila's arguments in support of this motion, and that motion is also denied in keeping with the Court's previous rulings.
[2] A detailed discussion of the allegations in the indictment is found in this Court's Memorandum Opinion and Order entered on July 14, 2004, denying several defendants' motions for severance.

1 337

In the superseding indictment, the charges against Avila were expanded. He is now charged with murder with the intent of increasing or maintaining position in a criminal enterprise in Count 5. He is also named in a second predicate act, namely conspiracy to kidnap "Victim B," which means he is also now charged with RICO, RICO conspiracy, and the drug conspiracy.

During the grand jury proceedings leading up to the superseding indictment, the grand jury heard testimony from several individuals about their knowledge of the activities of the Carman Brothers Crew. The defendant draws the Court's attention to a few examples:[3] (1) Lisette Marrero, a former girlfriend of Avila's, was asked about Avila's conduct surrounding the time of the Miranda killing, (2) Jose Melendez, Cesar Casiano, and Ely Martinez were asked to testify about the drug conspiracy already charged in the original indictment, and (3) Glenda Santiago, a girlfriend of Rinaldo Christopher, testified about certain statements Christopher had made about a kidnapping he participated in. Christopher was charged in the superseding indictment, but had not been indicted at the time Santiago testified at the grand jury.

## ANALYSIS

Avila moves to dismiss the superseding indictment on the grounds of prosecutorial abuse of the grand jury process. He argues that once the original indictment was filed, it was improper for the government to compel grand jury witnesses to testify about the drug conspiracy and the Miranda murder. He argues the government, in doing so, was investigating his defense and otherwise engaging in improper post-indictment, pre-trial discovery.

The government may not use the grand jury process for the sole or primary

---

[3] Avila's motion, filed in May of 2003, states that the defense has "not had the opportunity" to review the entire contents of the grand jury testimony and predicts that the defense will supplement the motion with additional information about specific instances of grand jury abuse once a full review has been conducted. However, the Court has not received any supplement to this motion.

2

purpose of collecting evidence to support an existing indictment. *United States v. Badger*, 983 F.2d 1443, 1458 (7th Cir. 1993). However, there is a presumption of regularity in grand jury proceedings. *United States v. Mechanik*, 106 S. Ct. 938, 944 (1986); *United States v. Johnson*, 319 U.S. 503, 513 (1943). Moreover, the Defendant bears the burden of demonstrating that the government has abused the grand jury process. *United States v. Thompson*, 944 F.2d 1331, 1337 (7th Cir. 1991). The inclusion of new defendants or new charges in a superseding indictment undermines the suggestion that the grand jury was used for the primary purpose of gathering evidence against a formerly indicted defendant. *See Badger*, 983 F.2d at 1458; *United States v. Scott*, 784 F.2d 787, 792 (7th Cir. 1986).

Avila claims that the government improperly used the grand jury to investigate the Miranda murder and Avila's possible alibis, and urges the Court to dismiss the superseding indictment for this reason. While the grand jury did hear evidence relevant to existing charges, such as Lisette Marrero's testimony about Avila's behavior around the time of the Miranda killing, Avila fails to demonstrate that the government used the grand jury's subpoena power for the exclusive, primary or dominant purpose of gathering evidence to bolster the existing indictment. Not only does the superseding indictment contain new counts, but it also adds two new defendants. For example, allegations that Avila conspired to kidnap "Victim B" and that he murdered Miranda to increase his status as a member of the Latin Kings were not included in the original indictment. Further, two new defendants, Brown and Christopher, were added as a result of the post-indictment testimony.

The defendant points out no specific examples of grand jury testimony regarding his alibis or case in mitigation, but apparently characterizes as improper any questioning pertaining to the already indicted murder and conspiracy. This reasoning would unreasonably force the government to abruptly cease all investigation into undiscovered or unindicted crimes committed in the furtherance of the conspiracy when an indictment has been issued. *See United States v. Thompson*, 944 F.2d 1331, 1337 (7th Cir. 1991)

3

("Were we to adopt [defendant's] broad view, the government would be unable to return to the grand jury after obtaining a conspiracy indictment no matter how narrowly focused its interrogation; most substantive crimes committed during the course of a conspiracy also serve to further implicate the perpetrator in the conspiracy itself.").

The defendant urges this Court to investigate the content of the post-indictment subpoena's as the court did in *United States v. Flemmi*, 245 F.3d 24 (1st Cir. 2001). We find *Flemmi* distinguishable as it involved the addition of predicate acts, but no new counts or defendants. Therefore, there is an even heavier presumption of regularity in this case than there was in *Flemmi*, since the superseding indictment in this case adds new counts to Avila's previous indictment as well as new defendants. The Defendant has not succeeded in rebutting this presumption with any particular showing that the government's primary or dominant purpose was to gather evidence to support the existing indictment. Absent any such minimal showing, there is no need for the government to justify the subpoenas it issued subsequent to the original indictment, and even less grounds for dismissing the indictment.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the superseding indictment [doc. no. 180] is denied.

**SO ORDERED.**

ENTERED: 7/26/04

HON. RONALD A. GUZMAN
United States Judge