# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OMAR AVILA ) <br> ) <br> Defendant. ) | No. 02-cr-464-8 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

The Court denies Defendant's Motion for Reconsideration of Previous Filed Motion for Reduction of Sentence [613] and his Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) [624].

## STATEMENT

On November 3, 2004, Defendant pleaded guilty to one count of drug conspiracy and racketeering (18 U.S.C. § 1962(c)) and one count of murder (18 U.S.C. § 848(e)(1)(A)). (Def.'s Plea Agreement [Dkt. # 362] at 2.) As part of his plea agreement, he admitted to various egregious acts beyond murder and drug trafficking, such as abducting, torturing, sodomizing, murdering, and burning his victim. (*Id.*) He now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), claiming that Amendment 782 to the United States Sentencing Guidelines reduced the applicable sentencing range.

Under Section 3582(c)(2), courts may reduce a defendant's previously imposed sentence where "[he] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 §

U.S.C. 3582(c)(2). But that has not happened here. While Amendment 782 indeed lowered the penalties for most drug offenses in Guidelines Section 2D1.1, *see* U.S.S.G App. C., Amend. 782, Defendant was not sentenced under that provision. Rather, the parties agree that he was sentenced under Guidelines Section 2A1.1, (*see* Gov't's Br. in Opp'n [Dkt # 626] at 5; Def.'s Mot. [Dkt # 613] at 1), which applies if a defendant's victim is killed under circumstances that constitute murder, *see* U.S.S.G. §§ 2A1.1(a), 2D1.1(d). Accordingly, Amendment 782 did not lower Defendant's applicable sentencing range, and his motion therefore fails as a matter of law. *See United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015) (explaining that if a defendant's applicable guideline range was not lowered by amendment, then courts *must* deny relief under 18 U.S.C. § 3582(c)(2)); *United States v. Hatfield*, No. 08-CR-30020-DRH-2, 2015 U.S. Dist. LEXIS 115604, at *3 (S.D. Ill. Aug. 31, 2015) (rejecting a defendant's Amendment 782 argument because he was sentenced under the first-degree murder guidelines rather than the drug quantity table).

## CONCLUSION

The Court denies Defendant's Motion for Reconsideration of Previous Filed Motion for Reduction of Sentence [613] and his Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) [624].

**SO ORDERED.**  ENTERED: March 29, 2016

*Ronald A. Guzmán*

**HON. RONALD A. GUZMÁN**
**United States District Judge**