IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> OMAR AVILA, <br><br> Defendant. | Case No. 02-CR-464-8 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Omar Avila seeks a sentence reduction, via two motions: one pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [799], and the other pursuant to Amendment 821 Part A to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2). [826]. For the reasons herein, this Court denies both of Mr. Avila's motions. [799] [826].

**I.      Background**

On March 26, 2003, a grand jury returned a superseding indictment charging Mr. Avila with racketeering, drug trafficking, kidnaping, and murder offenses. [100]. Count One charged Mr. Avila with racketeering based on a drug conspiracy to possess with intent to distribute and to distribute controlled substances, specifically, more than five kilograms of cocaine, in excess of 50 grams of cocaine base, and over 1,000 kilograms of marijuana (Act One); and kidnapping and murder (Act Three), in violation of 18 U.S.C. §1962(c). *Id.* Count Four charged Mr. Avila with murder, in violation of 21 U.S.C. §848(e)(1)(A) and 18 U.S.C. §2. *Id.* On November 03, 2004, Mr.

1

Avila, pursuant to a written plea agreement, entered a guilty plea to Counts One and Four. [360]. On June 30, 2005, the Court sentenced Mr. Avila to a term of 360 months and concurrent periods of five years of supervised release for both counts. [445]. Mr. Avila is scheduled for release on April 26, 2028.[1]

Mr. Avila, acting pro se, moves for a sentence reduction under two different provisions: 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3582(c)(2) based on Amendment 821 Part A of the Sentencing Guidelines. [799] [826]. The Government opposes compassionate release pursuant to § 3582(c)(1)(A) because Mr. Avila does not present an intervening change in the law that would adjust his statutory minimum and maximum sentences, nor any other extraordinary or compelling circumstances that justify compassionate release. [830] at13-15, 27-29. The Government further argues Mr. Avila is ineligible for a sentence reduction because Amendment 821 does not effectively lower his sentencing guideline range. *Id*. at 7.

## II.     18 U.S.C. § 3582(c)(1)(A)

### a. Standard of Review

Under 18 U.S.C. §3582(c)(1)(A), this Court may grant a defendant's motion for compassionate release after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts may consider compassionate release upon a motion by the Bureau of Prisons, or by a

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 19, 2024).

defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Both parties agree that Mr. Avila has exhausted his administrative remedies required under § 3582(c)(1). [830] at 13.

Once a defendant satisfies the exhaustion requirement, a court uses a two-step analysis in determining whether compassionate release is warranted. *E.g., United States v. Peoples*, 41 F.4th 837, 40 (7th Cir. 2022). First, the defendant must present an extraordinary and compelling reason that warrants a sentence reduction. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). If a court finds such reasons exist, it moves to the second step to weigh the relevant sentencing factors under 18 U.S.C. § 3553(a). *Peoples*, F.4th at 840; *see also United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

"A movant cannot rightly claim he is legally *entitled* to compassionate release because the background sentencing law has changed, but he may argue that he nonetheless *deserves* a sentence reduction based on that change and other relevant factors." *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024)*; cf. United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) ("At step one the [defendant] must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to [a statute]).[2]

---

[2] In the wake of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), there now exists a fundamental question as to the authority of the Sentencing Commission to promulgate the U.S.S.G. § 1B1.13(b) policy statement, as well as how much deference courts should pay the Commission. *See*, *In re Thomas*, 91 F.4th 1240 (7th Cir. 2024); *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021); *United States v. Black*, No. 05 CR 70-4, 2024 WL 449940 (N.D. Ill. Feb 06, 2024). This Court declines to address that issue here. As explained below, Mr. Avila is pro se and does not present any extraordinary or compelling circumstances that would justify his early release.

### b. There are No Extraordinary and Compelling Circumstances to Justify Early Release

The Court finds that Mr. Avila does not present any extraordinary or compelling circumstances that warrant early release.

Mr. Avila first argues that, under *Descamps v. United States*, 570 U.S. 254 (2013), had the Court applied a categorical approach[3] to his sentencing, his statutory maximum sentence of life imprisonment for Count One would be 20 years, and would likely have resulted in the Government presenting him with a shortened concurrent plea agreement offer. [799] at 5. The Government contends, and this Court agrees, the categorical approach outlined in *Decamps* has no bearing on the statutory maximum penalty for a § 1962 racketeering charge based on the racketeering activity for which the maximum penalty includes life imprisonment. [830] at 13-14. Here, Avila pleaded guilty to a racketeering charge based on underlying Acts One and Three, which both carried maximum statutory penalties of life imprisonment. *Decamps* does not change that maximum penalty.

The Government also points out that Count Four in the superseding indictment charged Mr. Avila with murder, which carries a 20-year mandatory minimum sentence, and a statutory maximum of up to life imprisonment. The Court accordingly agrees with the Government that a reduced plea agreement would have been

---

[3] "[Courts] compare the elements of the statute forming the basis of the defendant's conviction with elements of the 'generic' crime –*i.e.*, the offense as commonly understood." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

4

unlikely. [830] at 15. Mr. Avila presents no intervening law change in his sentencing guidelines that qualifies as an extraordinary or compelling reason for compassionate release under §3582(c)(1)(A).

Mr. Avila next focuses on his gang disassociation as an extraordinary and compelling reason for release. [840] at 2. Rehabilitation programs, like gang dissociation, are not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022); *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). Mr. Avila also cites *United States v. Beres*, CR 18-58-BLG-SPW-02, 2023 WL 8809320 (D. Mot. Dec. 20, 2023), for support that participation in a gang disassociation program constitutes an extraordinary and compelling reason for compassionate release. [840] at 2. This argument is misguided. The court in *Beres* indicated that the defendant participated in more than a simple rehabilitation program, and went on to consider additional compelling factors. *See* 2023 WL 8809320 at *2. Here, Mr. Avila has not presented any argument that his gang disassociation rises to the level of the comprehensive "drop out" program completed by the defendant in *Beres*.

Mr. Avila finally urges the Court to consider his youth at the time of sentencing as an extraordinary and compelling reason for release. [840] at 2. The Supreme Court has directed courts to consider a defendant's young age at sentencing, *e.g.*, *Miller v. Alabama*, 567 U.S. 460, 472 (2012). Here, though, Mr. Avila's prior criminal history—specifically, the violent nature of the kidnapping, torture, and murder of victim Sindulfo Miranda, which Mr. Avila plead guilty to—reflects deliberation and

calculation in the planning and execution of his actions. While Mr. Avila was young at the time he committed these crimes, their egregious, protracted nature weighs against his age serving as an extraordinary or compelling circumstance.

In sum, none of the reasons demonstrate extraordinary or compelling circumstances, alone or in conjunction, to justify compassionate release. Mr. Avila is ineligible for relief under § 3582(c)(1)(A).

### III.  18 U.S.C. § 3582(c)(2)

#### a. Standard of Review

18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a reduction that is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Courts may take such action upon their own motion, or that of a defendant or the Bureau of Prisons. *Id.*

A "3582(c)(2) [proceeding] does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010). Critically, district courts may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline range. *See, e.g.*, *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (emphasis added).

6

*Dillon* set forth a two-prong analysis where "[a]t step one, § 3582(c)(2) requires the court to follow the Commission's instruction in § 1B1.10" to determine eligibility for a sentence reduction. 560 U.S. at 827. Second, the court must consider any applicable § 3553(a) factors to determine whether the sentence reduction is warranted. *Id*. The § 3553(a) factors cannot overcome or outweigh step one in the analysis. *Id*.

Amendment 821 Part A to the United States Sentencing Guidelines, made effective in November 2023, modified the application of status points associated with a defendant's criminal history. U.S.S.G. § 4A1.1(e) (2023). The amendment zeroes out status points for a defendant with six or less criminal history points, while individuals with seven or more criminal history points receive only one status point instead of two. *Id*. As of February 1, 2024, Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(d) (2023).

### b. Amendment 821 Does Not Reduce the Guideline Range

Based on his plea agreement, the Presentence Investigation Report assigned Mr. Avila a total offense level of 42 and a criminal history category of IV. The PSIR calculated 11 criminal history points for prior criminal convictions, two status points, and one recency point for a criminal history score of 14. The advisory sentencing guideline range came out to 360 months to life imprisonment. *See* [850]; [607]; [826-1].

With two status points, Mr. Avila is eligible for the reduction in status points under Amendment 821 Part A. This reduces his criminal history score from 14 to 13.

However, the Government argues, and this Court agrees, that this reduction does not effectively lower Mr. Avila's applicable guideline range. [826] at 6, 8. With an offense level of 42, any criminal history points of four or more (corresponding to category III-VI) would result in the same guideline range of 360 months to life imprisonment. *Id.* at 8. Mr. Avila is thus ineligible for a sentence reduction under Amendment 821 and U.S.C. § 3582(c)(2). Mr. Avila would require the reduction of 10 more points from his criminal history for any effective change in the sentencing guideline range assigned to him. The Court need not proceed to an analysis of the recency point and Amendment 742, nor the § 3553(a) factors.

## IV. Conclusion

For the stated reasons, the Court denies Mr. Avila's motions [799] [826] and finds him ineligible for a reduced sentence under either 18 U.S.C. § 3582(c)(1)(A)(i) or 18 U.S.C. § 3582(c)(2).

E N T E R:

Dated: September 3, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

8